United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>SHAMROCK CONCRETE CONSTRUCTION, INC., et al.,<br><br>    Defendants<br>_____/ | No. C-05-4384 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT JOSEPH PATRICK MOLLOY'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

     Before the Court is the motion, filed August 4, 2006 by plaintiffs Jose Moreno, Larry Totten, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants Joseph Patrick Molloy's ("Molloy") and Shamrock Concrete Construction, Inc. ("Shamrock, Inc.") have filed separate oppositions, to which plaintiffs have jointly replied. Also before the Court is Molloy's cross-motion for summary judgment, filed October 6, 2006, pursuant to Rule 56; plaintiffs have filed opposition thereto, to which Molloy has replied. Having considered the papers filed in support of and in opposition to

the motions, the Court rules as follows.[1]

## BACKGROUND[2]

Molloy, pursuant to a Memorandum Agreement signed March 28, 2002, agreed to be bound by the "Laborers' Master Agreement for Northern California June 28, 1999 through June 30, 2002" as well as by "any future modifications, changes, amendments, supplements, extensions or renewals of or to said Master Agreement," (see Hagan Decl. Ex. A; Molloy Decl. ¶ 3); the Master Agreement was subsequently renewed through June 30, 2006, (see Hagan Decl. ¶ 8; Compl. Ex. A). The Master Agreement requires employers to "pay hourly contributions [to certain trust funds] for each hour paid for and/or worked, including overtime pay, shift pay, show-up time pay and similar payments" in accordance with a schedule specified in the Master Agreement. (See Hagan Decl. ¶ 9, Ex. B § 28A.)

When Molloy signed the Memorandum Agreement in 2002, he was a sole proprietor, doing business as Shamrock Concrete Construction. (See Molloy Decl. ¶ 3.) On January 14, 2003, Molloy incorporated under the name Shamrock Concrete Construction, Inc. ("Shamrock, Inc."). (See Bevington Decl. Ex. B; Molloy Decl. ¶ 4.) "By January 1, 2004, [Molloy] had stopped doing business as [a] sole proprietor," and, "[a]fter January 2004, "did not employ any workers." (See Molloy Decl. ¶ 5.) "Commencing January 1, 2004," Shamrock, Inc. employed construction workers and made trust fund contribution payments to plaintiffs. (See id.)[3]

In their complaint filed October 27, 2005, plaintiffs allege defendants made certain contributions on an untimely basis and failed to make other required contributions.

//

---

[1] By order filed October 24, 2006, the Court vacated the hearing scheduled for October 27, 2006.

[2] The following facts are undisputed.

[3] Molloy is President, Chief Executive Officer, and Responsible Managing Officer for Shamrock, Inc. (See Molloy Decl. ¶ 4.)

**LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(b), (c).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  See id.  The Court may not weigh the evidence.  See id. at 255.  Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor."  See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court there is an absence of evidence to support the nonmoving party's case.  See id. at 325.

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  See Fed. R. Civ. P. 56(e); see also Liberty Lobby, 477 U.S. at 250.  The opposing party need not show the issue will be resolved conclusively in its favor.  See id. at 248-49.  All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial.  See id.

//

**DISCUSSION**

Plaintiffs seek to recover unpaid contributions, as well as corresponding interest and liquidated damages, and also interest and liquidated damages corresponding to contributions alleged to have been made on an untimely basis. Plaintiffs seek to hold both Molloy and Shamrock, Inc. jointly liable for the entire amount assertedly owed.

**A. Molloy**

   **1. December 2002 Contributions**

Molloy does not dispute that under the terms of the Master Agreement, he was responsible for making contributions to plaintiffs corresponding to covered work performed by employees hired by Molloy in his capacity as a sole proprietor, nor that he employed workers as a sole proprietor in 2002.

Plaintiffs offer evidence that plaintiffs conducted audits of defendants' books in 2004 and in 2006 and that such audits disclosed that Molloy failed to pay $3495.80 in contributions due in December 2002, (see Hagan Decl. ¶ 17; Hagan Supp. Decl. ¶ 2, Ex. A at 1), that the interest owing on such unpaid contributions is $2254.79, (see Hagan Supp. Decl. ¶ 3, Ex. B), and that the amount of liquidated damages owing on such unpaid contributions is $2254.79, (see Bevington Decl. ¶ 6, Ex. D). Molloy offers no evidence to the contrary, nor has he challenged the mathematical calculations made by plaintiffs.[4]

Accordingly, it is undisputed that Molloy is liable to plaintiffs in the amount of $8005.38.

//
//

---

[4] Both defendants argue that, as to unpaid contributions due as a result of plaintiffs' audits, plaintiffs are not entitled to judgment because plaintiffs' moving papers refer in one passage to "the period July 1, 2004 through March 31, 2006," (see Pls.' Mot. at 2:15-16), and in another passage to "the period July 1, 2002 through March 31, 2006," (see id. at 7:4-5). Neither defendant articulates, however, much less demonstrates, any prejudice as a result of the above-referenced discrepancy. Neither defendant disputes that the audited period was July 2002 through March 2006, nor that evidence offered by plaintiffs unambiguously refers to such period as the period covered by the audit. (See Hagan Decl. Ex. J at 1.)

### 2. 2004 - 2006 Contributions

Plaintiffs offer evidence, discussed infra, that contributions, interest, and liquidated damages are owed to plaintiffs corresponding to work performed in 2004, 2005, and 2006 by employees of Shamrock, Inc. In arguing Molloy is liable for such sums, plaintiffs rely on ¶ 30 of the Master Agreement, which provides that such "Agreement is binding upon each Individual Employer regardless of whether he/she or it changes the name or style or address of his/her or their business." (See Hagan Decl. Ex. C ¶ 30).

Plaintiffs argue that the "obvious purpose" of ¶ 30 is to "prevent the individual employer from playing a shell game using different business names or styles to evade the obligations of the agreement." (See Pl.'s Opp. to Molloy's Cross-Mot. at 4:20-22.) Consistent therewith, plaintiffs read ¶ 30 to provide that when an individual employer, such as Molloy, agrees to be bound by the Master Agreement, he remains bound by that Agreement irrespective of whether he later changes the name or form of his business. Such interpretation, plaintiffs argue, is further supported by the Memorandum Agreement, which provides that even where the newly-named or newly-formed employer signs a new agreement with plaintiffs, the individual employer "continues to be bound" by the agreement he previously signed. (See Hagan Decl. Ex. A.)

Molloy, although agreeing with plaintiffs that the "obvious purpose" of ¶ 30 is to prevent an individual employer from playing "a shell game," (see Reply in Support of Molloy's Cross-Mot. at 3:27 - 4:3), argues ¶ 30 should be interpreted as providing that where an individual employer incorporates, the new corporation, but not the individual employer, is liable under the Master Agreement. This proposed interpretation is not persuasive. First, such interpretation runs counter to the language of both the Memorandum Agreement and Master Agreement, each of which provides for continuing liability of the "Individual Employer," i.e., the signatory thereto. Second, were the Court to adopt Molloy's interpretation, a party signing the contract could avoid liability thereunder simply by engaging in the type of "shell game" both parties agree the contract sought to preclude.

Accordingly, the Court finds plaintiffs have demonstrated, as a matter of law, that Molloy is liable for the contributions owed by reason of covered work performed by employees of Shamrock, Inc., and that Molloy is not entitled to summary judgment.[5]

Plaintiffs offer evidence that the following contributions, interest, and liquidated damages are owed for the period 2004 through 2006:

(1) Of "reported contributions" identified by Shamrock, Inc. on "Employer Reports" submitted to plaintiffs, defendants failed to pay the total amount of $27,873.54. (See Hagan Decl. ¶ 16, Ex. I.) The interest owing on such unpaid contributions is $4590.89, (see Bevington Decl. ¶ 6, Ex. D), and the amount of liquidated damages owing thereon is $4590.89, (see id.).

(2) Plaintiffs' audit results uncovered that defendants did not report $88,291.14 in contributions due. (See Hagan Decl. ¶ 17; Hagan Supp. Decl. ¶ 2, Ex. A). The interest owing on such unpaid contributions is $14,700.70, (see Hagan Supp. Decl. Ex. B), and the amount of liquidated damages owing thereon is $14,700.70, (see Bevington Decl. ¶ 6, Ex. D; Hagan Supp. Decl. Ex. B).

(3) The interest owing on contributions paid on an untimely basis is $1379.72, (see Hagan ¶ 13, Ex. G; Bevington Decl. ¶ 6, Ex. D at 2), and the amount of liquidated damages owing on untimely paid contributions is $2400, (see id.).

Molloy has offered no evidence to the contrary, nor has he challenged the mathematical calculations made by plaintiffs.

Accordingly, plaintiffs have demonstrated, as a matter of law, that Molloy is liable to plaintiffs in the further amount of $158,527.58.

//
//
//
//

---

[5] In light of this finding, the Court has not addressed plaintiffs' argument that Molloy's cross-motion is procedurally improper.

**B. Shamrock, Inc.**

    **1. December 2002 Contributions**

Plaintiffs argue that Shamrock, Inc. is jointly liable with Molloy for the $8005.38 due as a result of unpaid contributions, interest, and liquidated damages corresponding to obligations owed in December 2002, on the ground Shamrock, Inc. is the "successor" to Molloy's sole proprietorship. (See Pls.' Reply at 2:15-17.) Setting aside the fact that plaintiffs articulate their successorship theory for the first time in plaintiffs' reply to Shamrock, Inc.'s opposition, thereby precluding Shamrock, Inc. from responding thereto, plaintiffs offer no evidence in support of a successorship theory.

Accordingly, plaintiffs have failed to show Shamrock, Inc. is, as a matter of law, jointly liable with Molloy for the above-referenced $8005.38.

    **2. 2004 - 2006 Contributions**

Plaintiffs argue that Shamrock, Inc. is jointly liable with Molloy for the $158,527.58 due as a result of unpaid contributions, interest, and liquidated damages corresponding to obligations owed for the period 2004 through 2006. Shamrock, Inc. concedes it is "responsible for all contributions" owed to plaintiffs as of January 1, 2004, (see Shamrock, Inc.'s Opp. at 2:28 - 3:3), and has offered no evidence to dispute plaintiffs' evidence or calculations as to the amounts owed corresponding to that period.

Accordingly, it is undisputed that Shamrock, Inc. is jointly liable with Molloy for the above-referenced $158,527.58.

**CONCLUSION**

For the reasons stated above:

1. Plaintiffs' motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent plaintiffs claim plaintiffs are entitled to the total amount of $166,532.96, of which amount $158,527.58 is jointly and severally owed by Molloy and Shamrock, Inc., and $8005.38 is severally owed by Molloy, the motion is hereby GRANTED.

b.  To the extent plaintiffs claim Shamrock, Inc. is jointly liable with Molloy for the sum of $8005.38, the motion is hereby DENIED.

2.  Molloy's cross-motion for summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 8, 2006

MAXINE M. CHESNEY
United States District Judge